1 | Michael Adams (SBN 185835)
madams@rutan.com
2 | Brian C. Berggren (SBN 279279)
bberggren@rutan.com
3 | RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
4 | Costa Mesa, California 92626-1931
Telephone:  714-641-5100
5 | Facsimile:  714-546-9035

6 | Attorneys for Plaintiff
AMERICAN AUTOMOBILE
7 | ASSOCIATION, INC.

8 |

UNITED STATES DISTRICT COURT

9 |

CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | AMERICAN AUTOMOBILE
ASSOCIATION, INC., a Connecticut
12 | corporation,

13 |               Plaintiff,

14 |     vs.

15 | AAA LOCKSMITH INC., a California
corporation; AVRAHAM COHEN a/k/a/
16 | ABRAHAM COHEN, an individual, and
DOES 1 through 10, Inclusive,

17 |               Defendants.

18 |

CASE NO.

**COMPLAINT FOR:**

**1. FEDERAL SERVICE MARK INFRINGEMENT [15 U.S.C. § 1114(1)(a) AND (b)];**

**2. FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**

**3. TRADE NAME OR SERVICE MARK DILUTION [15 U.S.C. § 1125(c)(1)];**

**4. FEDERAL TRADEMARK CYBERPIRACY [15 U.S.C. § 1125(d)];**

**5. INJURY TO BUSINESS REPUTATION AND DILUTION [CAL. BUS. & PROF. CODE § 14247];**

**6. UNFAIR AND DECEPTIVE TRADE PRACTICES [CAL. BUS.  & PROF. CODE § 17000 *et seq.*]; AND**

**7. COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**

**JURY TRIAL DEMANDED**

1   Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for

2   its complaint against the above-named defendants, alleges as follows:

3   **JURISDICTION AND VENUE**

4   1.      This Court has jurisdiction under 28 U.S.C. section 1338(a) as this

5   action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), 1125(c)(1),

6   and 1125(d), as well as under pendent jurisdiction under 28 U.S.C. section 1367.

7   2.      This Court also has jurisdiction under 28 U.S.C. section 1332 because

8   Plaintiff and defendants are citizens of different states, and the matter in controversy

9   exceeds $75,000, exclusive of interest and costs.

10  3.      Venue is proper in the Central District of California under 28 U.S.C.

11  section 1391(b) and (c) because defendants reside in this judicial district, a

12  substantial part of the events, omissions and acts that are the subject matter of this

13  action occurred within the Central District of California, and defendants are subject

14  to personal jurisdiction and may be found in this district.

15  **PARTIES**

16  4.      Plaintiff is a corporation organized and existing under the laws of the

17  State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow,

18  Florida.  Among other website domain names, Plaintiff is the registrant on the

19  WHOIS registry of the domain name "www.aaa-locksmiths.com."

20  5.      On information and belief, defendant AAA Locksmith Inc. is a

21  California corporation with its principal place of business located at 200 Technology

22  Drive # J, Irvine, California.

23  6.      On information and belief, defendant Avraham Cohen a/k/a Abraham

24  Cohen is a resident of California and the owner of AAA Locksmith Inc.  According

25  to the WHOIS registry, Mr. Cohen is the registrant of the domain name "www.aaa-

26  locksmith.com."  On information and belief, defendants are also the authorized

27  licensees of the registrant of the domain name "www.aaasecuritysystems.com."

28  / / /

7.      On information and belief, Plaintiff alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

8.      On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

9.      The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## NATURE OF THE CASE

10.     Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against defendants for service mark infringement under 15 U.S.C. section 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); trademark cyberpiracy under 15 U.S.C. section 1125(d); injury to business reputation and dilution under California Business and Professions Code section 14330; unfair and deceptive trade practices under California Business and Professions Code sections 17000 *et seq.*; and common law palming off, trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     Plaintiff is the owner of the famous AAA mark, U.S. service mark registration No. 0,829,265, used in connection with a number of services, including but not limited to providing emergency road service in International Class 37.  A copy of this registration is attached hereto as **Exhibit A**.

/ / /

Rutan & Tucker, LLP
*attorneys at law*

2314/017601-0001
11115648

-3-
COMPLAINT

12.    Plaintiff is the owner of numerous other famous registered trademarks incorporating the AAA mark in the United States and throughout the world.

13.    Plaintiff has been serving motorists under the AAA mark of Registration No. 0,829,265 for more than 100 years.

14.    Plaintiff, by virtue of the services offered under its AAA mark, is recognized throughout the world as a provider of motor vehicle services, including emergency roadside services.

15.    On information and belief, at all relevant times hereto, defendants have been, and are, in business using the AAA mark in connection with providing emergency road service for patrons locked out of their vehicles.

16.    On information and belief, defendants willfully violated Plaintiff's rights in its famous mark, including by using in commerce the business name AAA Locksmith Inc. after Plaintiff's AAA mark had become famous and after being notified by Plaintiff to cease and desist from its unlawful conduct.

17.    On information and belief, in addition to their business name, defendants use the AAA mark in conducting and promoting their business, including, without limitation, by prominently displaying trade names incorporating the AAA mark on their service vehicles, through their online domain name, on their business premises, in their signage, in their stationery, in telephone and online directory listings, and in various other marketing materials.

18.    Even though defendants have no right or interest in the AAA mark, on information and belief, defendants cause to be registered and are using the domain names "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" to provide emergency roadside services for customers locked out of their vehicles.  For example, on information and belief, defendants' service vehicles prominently display the webpage domain "www.aaa-locksmith.com."  Further, the domain name "www.aaasecuritysystems.com" hosts a webpage advertising AAA's Locksmith Inc.'s services.  A screenshot from that webpage displaying the use of Plaintiff's

1  mark on defendants' vehicles is attached as **<u>Exhibit B</u>**.

2      19.    Defendants are not authorized to use the AAA mark in connection with

3  their goods or services, nor are defendants affiliated with Plaintiff.

4      20.    Defendants' unauthorized use of the AAA mark has caused actual

5  confusion among consumers.  For example, in a Yelp comment on the review page

6  for AAA Locksmith Inc. dated September 4, 2015, a consumer under the

7  screenname "Jocelyn S." stated "I thought this was AAA roadside assistance."[1]

8      21.    Plaintiff has sent multiple cease-and-desist letter to defendants,

9  including on June 14, 2017 and June 26, 2017, giving notice of Plaintiff's ownership

10 of its federally registered service mark and demanding that defendants immediately

11 cease and desist from all uses of the AAA mark in connection with their goods and

12 services.  Defendants' counsel responded by letter dated June 28, 2017 in which he

13 stated "AAA Locksmith declines [the] invitation to remove itself" from the market.

14 **<u>FIRST CLAIM FOR RELIEF</u>**

15 **(Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))**

16     22.    Plaintiff repeats and incorporates herein by reference each and every

17 allegation contained in Paragraphs 1 through 11 above, inclusive, as though fully set

18 forth herein.

19     23.    Plaintiff is the owner of a number of federal trademark and service

20 mark registrations that incorporate the AAA mark, and specifically asserts

21 ownership of the following:

22 | <u>Registration No</u>. | <u>Mark</u> | <u>Date of Registration</u> |
   | --- | --- | --- |
23 | 829,265 | AAA | May 23, 1967 |

24     24.    Plaintiff first used the AAA mark of registration No. 0,829,265 in

25 connection with emergency road service at least as early as 1916 and has continued

26 and expanded use thereof up to the present.  Thus, long before the acts complained

27

28 ───────────────
[1]  The relevant Yelp page is located at https://www.yelp.com/biz/aaa-locksmith-irvine-9.

of herein, motorists and members of the general consumer population in the United States and across the world have recognized the AAA mark as an exclusive source identifier for emergency road service originating from Plaintiff. The registration for the AAA mark is incontestable under section 15 of the Lanham Act, 15 U.S.C. section 1065, and constitutes conclusive evidence of Plaintiff's exclusive right to use the AAA mark in connection with emergency road service.

25.    Plaintiff's registered service mark is valid and subsisting and remains in full force and effect as evidence of the validity thereof and Plaintiff's ownership of the mark in connection with the services specified in the registration.

26.    As a result of the long period of use and extensive advertisement and sale of services under the AAA mark, motorists and members of the general consumer population in the United States and across the world recognize the AAA mark as an exclusive source identifier for emergency road service originating from Plaintiff.

27.    Defendants' use of the AAA mark in interstate commerce in connection with their goods and services is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the goods and services offered by defendants; (b) the affiliation, connection, and association of Plaintiff with defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the goods and services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

28.    On information and belief, defendants are now committing the acts complained of above and have continued to do so in defiance of Plaintiff's requests that they cease such acts.

29.    Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

30.    On information and belief, defendants' acts of service mark

infringement in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

31.    Plaintiff is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is also entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))

32.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 31 above, inclusive, as though fully set forth herein.

33.    Defendants, either independently or through collaboration with one another, are using the AAA mark in connection with their goods and services.

34.    On information and belief, defendants use the AAA mark in commerce, which use has been done with the deliberate intent of capitalizing and trading on the good will and reputation of Plaintiff.

35.    The use in commerce of the AAA mark by defendants will tend to cause and, on information and belief, has caused the relevant public and trade to believe erroneously that defendants' services are associated, authorized, sponsored, or controlled by Plaintiff.

36.    Defendants' use in commerce of the AAA mark in connection with their goods and services constitutes a false designation of the origin and/or sponsorship of such goods and services and falsely describes and represents such goods and services.

37.    By their acts as alleged herein, defendants have falsely designated and represented goods and services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the good will of Plaintiff to sell defendants' own

1  goods and services and have otherwise competed unfairly with Plaintiff.

2      38.    On information and belief, defendants are now committing the acts

3  complained of above and have continued to do so in defiance of Plaintiff's request

4  that they cease such acts.

5      39.    Defendants, after due notice, have displayed a willful course of conduct

6  toward appropriation and destruction of Plaintiff's rights in and to the AAA mark.

7      40.    Defendants' wrongful acts and conduct as alleged herein have

8  permitted or will permit them to generate substantial sales and profits on the

9  strength of Plaintiff's substantial advertising, sales, consumer recognition, and good

10  will in connection with the AAA mark.

11      41.    As a result of defendants' wrongful acts alleged herein, Plaintiff has

12  suffered and will continue to suffer monetary damage in an amount not thus far

13  determined.

14      42.    On information and belief, defendants' acts of unfair competition by

15  false designation of origin in violation of the Lanham Act have caused financial

16  injury and damages to Plaintiff and have been willful, making this an exceptional

17  case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby

18  entitling Plaintiff to damages, attorneys' fees, and costs.

19      43.    Defendants' acts and conduct constitute unfair competition that has

20  caused and, unless restrained and enjoined by this Court, will continue to cause

21  irreparable harm, damage, and injury to Plaintiff's good will and business

22  reputation.

23      44.    Plaintiff is entitled to damages as a result of defendants' actions and

24  conduct and, because such damages alone do not provide Plaintiff with an adequate

25  remedy at law, Plaintiff is entitled to injunctive relief.

26  **THIRD CLAIM FOR RELIEF**

27  **(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))**

28      45.    Plaintiff repeats and incorporates herein by reference each and every

Rutan & Tucker, LLP
*attorneys at law*

2314/017601-0001
11115648

allegation contained in Paragraphs 1 through 44 above, inclusive, as though fully set forth herein.

46.    Plaintiff's AAA trade name and service mark were used in commerce long before defendants' adoption and use of the AAA mark in connection with their goods and services.

47.    Plaintiff's AAA trade name and service mark have become famous because of long, extensive, continuous, and exclusive use by Plaintiff in connection with emergency road services, such fame occurring long before defendants' adoption and use of the AAA mark in connection with their goods and services.

48.    Defendants' use of the AAA mark in promoting their goods and services in the same trade areas and channels of trade in which Plaintiff's AAA trade name and service mark are recognized and famous.

49.    On information and belief, defendants' use of the AAA mark has lessened the capacity of Plaintiff's famous AAA trade name and service mark to identify and distinguish Plaintiff's goods and services.

50.    Defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff's famous AAA trade name and service mark by the low quality of defendants' goods and services.

51.    On information and belief, defendants' acts of trade name or service mark dilution in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

52.    Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c). Therefore, Plaintiff is entitled to injunctive relief.

/ / /

/ / /

# FOURTH CLAIM FOR RELIEF

## (Federal Trademark Cyberpiracy – 15 U.S.C. § 1125(d))

53.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 52 above, inclusive, as though fully set forth herein.

54.    On information and belief, at the time defendants registered, or caused to be registered, the domain names "www.aaa-locksmith.com" and "www.aaasecuritysystems.com," defendants knew (1) that those domain names were likely to cause confusion among consumers, in that consumers who want online information about Plaintiff's emergency roadside service when locked out of their vehicles would likely assume, wrongly, that such information could be found at "www.aaa-locksmith.com" and "www.aaasecuritysystems.com"; and (2) that such consumers would go to "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" because of this mistaken belief.

55.    On information and belief, defendants advertised and continue to advertise locksmith services which compete with AAA's services using the domain names "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" knowing that consumers who visit their website are likely to believe that defendants' locksmith business is sponsored or endorsed by or affiliated with Plaintiff.  On information and belief, defendants have in fact benefitted commercially from such consumer confusion, including by diverting internet traffic from Plaintiff's website.

56.    Defendants' unauthorized registration and use of the "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" domain names constitutes cyberpiracy and violates Plaintiff's rights under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because (1) Plaintiff is the owner of the AAA mark, which is registered with the United States Patent and Trademark Office; (2) Plaintiff's AAA mark was distinctive and famous at the time of the registration of the "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" domain names by

defendants' or their agents; (3) the "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" domain names are identical or confusingly similar to Plaintiff's AAA mark and are dilutive of Plaintiff's AAA mark; and (4) defendants or their licensee registered, trafficked in, and/or used Plaintiff's AAA mark and the "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" domain names in commerce with a bad faith intent to profit from Plaintiff's famous and distinctive AAA mark.

57.    On information and belief, defendants' unlawful conduct as set forth herein has been willful, deliberate, and in bad faith.

58.    Defendants' violation of this statute has caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no adequate remedy at law.  Unless enjoined, defendants will continue to use the "www.aaa-locksmith.com" and "www.aaasecuritysystems.com" domain names, further injuring Plaintiff and confusing the public.

## FIFTH CLAIM FOR RELIEF

**(Injury to Business Reputation and Dilution – Cal. Bus. & Prof. Code § 14247)**

59.    Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 58 above, inclusive, as though fully set forth herein.

60.    Plaintiff is the owner of mark that is distinctive and famous in the State of California.

61.    On information and belief, defendants have used and continue to use the famous AAA mark after the mark became famous, which use dilutes the distinctive quality of Plaintiff's mark.

62.    On information and belief, defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute the AAA mark and with the intention to cause dilution of the mark.

/ / /

Rutan & Tucker, LLP
*attorneys at law*

2314/017601-0001
11115648

-11-
COMPLAINT

63.     As a result of the actions described herein, defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

64.     Plaintiff has no adequate remedy at law and is being irreparably damaged by defendants' acts in violation of California Business & Professions Code section 14247.

### SIXTH CLAIM FOR RELIEF

**(Unfair and Deceptive Trade Practices – Cal. Bus. & Prof. Code § 17000 *et seq.*)**

65.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 64 above, inclusive, as though fully set forth herein.

66.     The acts and practices of defendants as alleged herein violate the California Uniform Unfair and Deceptive Trade Practices Act, California Business & Professions Code section 17000 *et seq.*, because (a) the actions and conduct of defendants cause a likelihood of consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of services, (b) the actions and conduct of defendants cause a likelihood of consumer confusion or misunderstanding as to affiliation, connection, or association with or certification by another, and (c) the actions and conduct of defendants create other likelihood of consumer confusion or misunderstanding.

67.     The acts and practices of defendants as alleged herein significantly threaten or harm consumers.

68.     Defendants' acts have caused damage to Plaintiff, including incidental and general damages, lost profits, and out-of-pocket expenses.

69.     Defendants have profited and in the future will profit unjustly from their unjust business practices.  Accordingly, pursuant to Business and Professions Code section 17203, Plaintiff seeks an award representing the amount of ill-gotten

gains that must be disgorged from defendants. Defendants should therefore be required to disgorge and restore to Plaintiff all profits and other expenses as may be incurred by Plaintiff.

70. As a result of the acts alleged herein, defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation. Plaintiff therefore has no adequate remedy at law and is also entitled to injunctive relief.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Palming Off, Trade Name and Trademark Infringement, and Unfair Competition)

71. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 70 above, inclusive, as though fully set forth herein.

72. Defendants' actions and conduct as alleged herein constitute palming off their services as Plaintiff's services offered under the famous AAA mark.

73. Such actions and conduct by defendants constitute unfair competition under California common law.

74. Defendants' actions and conduct in adopting and using the AAA mark in California constitute trademark infringement under California common law.

75. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

76. Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by defendants' acts in violation of California common law, entitling Plaintiff to injunctive relief.

77. Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order and judgment against defendants, and each of them, as follows:

1.      That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation "AAA" or any other name or mark incorporating Plaintiff's service mark, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with emergency road services and other related services at any locality in the United States;

2.      That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation "AAA" or any other name or mark incorporating Plaintiff's service mark in any form or manner that would tend to identify or associate defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3.      That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from referring to their businesses as "triple A" (either orally or in writing) in the marketing, sale,

distribution, promotion, advertising, identification, or in any other manner in connection with any business;

4. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone (either orally or in writing) that their businesses are affiliated with Plaintiff in any way or is an AAA agent or contractor unless their businesses are approved by Plaintiff to be an AAA agent or contractor;

5. For an order requiring defendants to deliver to Plaintiff's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation "AAA" or any other name or mark incorporating Plaintiff's service mark, either alone or in combination with other words and symbols;

6. For an order requiring defendants to remove from their business premises within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of the "AAA" designation, and to destroy all molds, plates, masters, or means of creating the infringing items;

7. For an order requiring defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory, Internet directory, or website that they have caused to carry the AAA mark, including, without limitation, any reference to their fictitious business names containing the "AAA" designation or other infringing designation, to cease using such names at the earliest possible date;

/ / /

8.    For an order requiring defendants to cancel all fictitious name registrations and licenses of any type that consist of or were issued to an entity with the "AAA" designation in its name;

9.    For an order requiring defendants:  (1) to relinquish any Internet domain names in their possession that contain the "AAA" mark and transfer rights to such domain names to Plaintiff; and (2) to refrain from using any other Internet domain name that incorporates the "AAA" mark;

10.    For an order requiring defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 9 above;

11.    For an order requiring defendants to account for all profits made by defendants and to hold all such profits in constructive trust for the benefit of Plaintiff;

12.    For an award of defendants' profits and Plaintiff's damages in an amount not yet ascertained but believed to exceed $500,000;

13.    For an award of three times Plaintiff's damages or defendants' profits in view of the intentional and willful nature of defendants' acts, pursuant to 15 U.S.C. section 1117;

14.    For an award of punitive damages according to proof;

15.    For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

16.    For an award of pre- and post-judgment interest at the highest rate allowed by law;

17.    For an award of costs and disbursements incurred in this action; and

18.    For such further relief as this Court shall deem just and proper.

1    Dated:  July 24, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUTAN & TUCKER, LLP
MICHAEL ADAMS
BRIAN BERGGREN


By:_____/s/ Michael Adams_____
        Michael Adams
        Attorneys for Plaintiff
        AMERICAN AUTOMOBILE
        ASSOCIATION, INC.

**JURY TRIAL DEMAND**

Plaintiff American Automobile Association, Inc. hereby demands trial by jury on all issues so triable.

Dated:  July 24, 2017                                RUTAN & TUCKER, LLP
                                                     MICHAEL D. ADAMS
                                                     BRIAN C. BERGGREN


                                        By:  ____/s/ Michael Adams_____
                                                     Michael Adams
                                                     Attorneys for Plaintiff
                                                     AMERICAN AUTOMOBILE
                                                     ASSOCIATION, INC.